UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN REARDON,<br><br>    Defendant | Criminal No. 24-cr-10101-JEK<br><br>Violations:<br><br><u>Count One</u>: Obstruction of Free Exercise of Religious Beliefs by Threat of Force (18 U.S.C. §§ 247(a)(2) and (d)(3))<br><br><u>Count Two</u>: Transmitting in Interstate and Foreign Commerce a Threat to Injure a Person (18 U.S.C. § 875(c))<br><br><u>Count Three</u>: Stalking Using a Facility of Interstate Commerce (18 U.S.C. § 2261A(2)(B))<br><br><u>Forfeiture Allegation</u>:<br>(18 U.S.C. §§ 981(a)(1)(C), 844(c) and 28 U.S.C. § 2461) |

SUPERSEDING INFORMATION

<u>COUNT ONE</u>
Obstruction of Free Exercise of Religious Beliefs by Threat of Force
(18 U.S.C. § 247(a)(2) and (d)(3))

The Acting United States Attorney charges:

On or about January 25, 2024, in the District of Massachusetts, the defendant,

JOHN REARDON,

in and affecting interstate commerce, intentionally obstructed, by threat of force, members and employees of Synagogue 1, a house of worship located in Massachusetts, in the enjoyment of their free exercise of religious beliefs, and attempted to do so. Specifically, the defendant used a cellular telephone to call Synagogue 1 and left a voicemail threatening to "bomb" their place of worship and "kill" their children.

All in violation of Title 18, United States Code, Sections 247(a)(2) and (d)(5).

COUNT TWO
Transmitting in Interstate and Foreign Commerce a Threat to Injure a Person
(18 U.S.C. § 875(c))

The Acting United States Attorney further charges:

On or about January 25, 2024, in the District of Massachusetts and elsewhere, the defendant,

JOHN REARDON,

intentionally transmitted in interstate and foreign commerce communications containing a threat to injure the person of another, for the purpose of issuing a threat and knowing that his communication would be interpreted as a threat. Specifically, the defendant used a telephone to call Synagogue 2, a house of worship located in Massachusetts, and left a voicemail threatening the "killing of all Jews" and "stomping their babies dead into the ground."

All in violation of Title 18, United States Code, Section 875(c).

Special Finding

The defendant intentionally selected the members and employees of Synagogue 2 as the objects of his threat because of the actual and perceived religion of those individuals.

COUNT THREE
Stalking Using a Facility of Interstate Commerce
(18 U.S.C. § 2261A(2)(B))

The Acting United States Attorney further charges:

From on or about October 2023, through on or about January 2024, in the District of Massachusetts and elsewhere, the defendant,

JOHN REARDON,

did, with the intent to harass and intimidate another person, use an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and other facilities of interstate commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to the employees of the Israeli Consulate in Boston.

All in violation of Title 18, United States Code, Section 2261A(2)(B).

Special Finding

The defendant intentionally selected the employees of the Israeli Consulate as the objects of the offense because of the actual and perceived religion and national origin of those individuals.

## FORFEITURE ALLEGATION
(18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c))

1.  Upon conviction of the offense in violation of Title 18, United States Code, Sections 875(c), set forth in Count Two, the defendant,

JOHN REARDON

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

2.  If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

                                              JOSHUA S. LEVY
                                              Acting United States Attorney

By: _____
        Torey B. Cummings
        Assistant United States Attorney