

**U.S. Department of Justice**

*Joshua S. Levy*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*  *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 25, 2024

Jessica Thrall, Esq.
Federal Public Defender Office
District of Massachusetts
51 Sleeper Street 5th Floor
Boston, MA 02210

    Re:    <u>United States v. John Reardon</u>
           No. 24-CR-10101-JEK

Dear Counsel:

    The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, John Reardon ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    <u>Change of Plea</u>

    No later than November 25, 2024, Defendant will waive Indictment and plead guilty to count(s) 1-3 of the Superseding Information:

    Count 1:  Obstruction of Free Exercise of Religious Beliefs by Threat of Force in violation of 18 U.S.C. § 247(a)(2) and (d)(3);
    Count 2:  Transmitting in Interstate and Foreign Commerce a Threat to Injure the Person in violation of 18 U.S.C. § 875(c); and
    Count 3:  Stalking Using a Facility of Interstate Commerce In violation of 18 U.S.C. § 2261A(2)(B)

Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one. In consideration of this plea agreement, the Government will agree to dismiss the charges in the existing information following the imposition of a sentence at the sentencing hearing.

The parties agree that Defendant's plea is conditioned only on the Suffolk County District Attorney's Office resolving pending case *Commonwealth v. John Reardon*, criminal case number 2401CR003404, via a *nolle prosse* with prejudice. Nothing in this agreement is intended to, nor does it, bind the Commonwealth in any way.

2. <u>Penalties</u>

Defendant faces the following maximum penalties:

Count 1:  imprisonment for 20 years, supervised release for 3 years, a fine of $250,000, a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.
Count 2:  imprisonment for 5 years, supervised release for 3 years, a fine of $250,000, a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.
Count 3:  imprisonment for 5 years, supervised release for 3 years, a fine of $250,000, a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) Incarceration of no more than 30 months or the low end of the Guidelines sentencing range as calculated by the Court at sentencing, whichever is lower;

b) a fine within the Guidelines sentencing range as calculated by the Court at sentencing, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c) 36 months of supervised release;

d) a mandatory special assessment of $300, which Defendant must pay to the Clerk of the Court by the date of sentencing;

e) restitution to be determined by the Court; and

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further

agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

4.  Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's conviction on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's sentence, including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of a sentence within the range set forth in paragraph 3.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

5.  Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

6.      Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

7.      Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

8.      Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*    \*    \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Torey B. Cummings.

Sincerely,

JOSHUA S. LEVY
Acting United States Attorney

By: _____
Elizabeth Riley
Chief, Human Trafficking & Civil Rights Unit

_____
Torey B. Cummings
Assistant U.S. Attorney

_____

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge(s) against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
John Reardon
Defendant

Date: 11/25/24

I certify that John Reardon has read this Agreement and that we have discussed what it means. I believe John Reardon understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Jessica Thrall
Attorney for Defendant

Date: 11/25/24